**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | **2:21-cr-089** |
| | : | **JUDGE MORRISON** |
| v. | : | |
| | : | |
| **JAMES V. BARLOW,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY TO DEFENDANT JAMES BARLOW'S RESPONSE TO THE UNITED STATES' MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States hereby respectfully replies to Defendant James V. Barlow's Response to the United States' Motion for a Preliminary Order of Forfeiture (Doc. 175).

**Memorandum**

The United States is seeking entry of a Preliminary Order of Forfeiture in this case ordering Defendant James V. Barlow to forfeit all of his right, title, and interest in assorted property that is more particularly described in the United States' Motion for a Preliminary Order of Forfeiture (Doc. 172). Defendant James V. Barlow has filed a Response asserting that the Court should exclude certain items from its Preliminary Order of Forfeiture — the Real Property described therein as well as assorted cryptocurrency — because the items were acquired using cryptocurrency that was acquired or mined prior to his illegal activity and/or that the property belongs to a third party. (*See Response to United States' Motion*, Doc. 175.) The United States respectfully asserts that the Court should enter the proposed Preliminary Order of Forfeiture without removing any of the identified property for the following reasons: (a) the record in this case demonstrates that the property identified by Defendant Barlow in his Response in opposition

is property that facilitated his illegal activity and/or was involved in his money laundering conspiracy, or is traceable to and comingled with such property, and is therefore subject to forfeiture to the United States; and (b) as provided by Rule 32.2 of the Federal Rules of Criminal Procedure, "[t]he court must enter the [preliminary] order without regard to any third party's interest in the property."

A. **Because the property identified in the proposed Preliminary Order of Forfeiture was involved in and/or facilitated the illegal activity to which Defendant James V. Barlow has pleaded guilty, such property is forfeitable to the United States under 18 U.S.C. § 982(a)(1) and/or 21 U.S.C. § 853(a)(2).**

The government may have multiple theories of forfeiture based upon the underlying crimes committed by a defendant. In this case — based upon the investigation in this matter and Defendant James V. Barlow's admissions — it has been established that Defendant Barlow participated in a large drug trafficking conspiracy, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. (*See* Plea Agreement, Doc. 72.) Defendant Barlow accepted payments, and would pay his employee co-conspirators, in cryptocurrency. (*Id*. at PAGEID #: 419.) It has also been established that in an effort to conceal the proceeds and payments from this drug trafficking conspiracy, and to promote the continuation of the drug trafficking enterprise, Defendant Barlow conspired to launder these proceeds and payments using cryptocurrency mixing services "… designed to obfuscate the true nature, origin, and source, of such funds …", a violation of 18 U.S.C. § 1956(h). (*Id.* at PAGEID #: 419.)

As outlined in the United States' Motion for a Preliminary Order of Forfeiture (Doc. 172), these violations support the forfeiture of property as provided in 18 U.S.C. § 982(a)(l) and 21 U.S.C. § 853(a)(l) and (2).

There is no question that Defendant James V. Barlow obtained proceeds, directly or indirectly, as a result of his violations of 21 U.S.C. §§ 841 and 846 and that such proceeds are

subject to forfeiture in this case under 21 U.S.C. § 853(a)(1). Defendant Barlow's objection to the forfeiture of a portion of the property described in the United States' Motion for a Preliminary Order of Forfeiture instead relies on an assertion that some of these assets could have been, or were, acquired before the formation of his drug trafficking organization and resulting illegal activity meaning they are not proceeds derived from his illegal activity.

In the Statement of Facts of his plea agreement, Defendant Barlow admitted:

> Over the course of the drug conspiracy, in an effort to conceal the proceeds of this activity and promote the continuation of the drug enterprise, JAMES V. BARLOW would accept payments and pay his employees in crypto currency, including in Bitcoin, Ethereum, and Monero. JAMES V. BARLOW would take extensive efforts to conceal these proceeds and payments, including sending the cryptocurrency to mixing services such as Wasabi Wallet, SharedCoin, and Bestmixer, which are services designed to obfuscate the true nature, origin, and source, of such funds. Once the transactions had been tumbled or mixed in a fashion to conceal that they were funds gained through drug transactions on the dark web market vending site, BARLOW then would have the funds sent to legitimate exchanges…

(Plea Agreement, Attachment A, Doc. 72 at PAGEID #: 419.)

In Exhibit B to his Response, Defendant Barlow succinctly details how he obtained his initial 938 coins of Bitcoin and how he put that cryptocurrency to work, describing as follows:

> Mr James BARLOW bought his first Bitcoin(s) in December 2012. He continued to buy/sell cryptocurrencies for a year and a half before the August 2014 starting what grew into the Drug Trafficking Organization (DTO) known as 'TripWithScience' and later also 'PerfectShrooms.'

(Response to United States' Motion, Doc. 175 at PAGEID #: 1177.)

It is and has always been the United States theory of the case that Defendant Barlow utilized cryptocurrency he purchased prior to 2014 to start the dark web drug trafficking sites known as "TripWithScience" and "PerfectShrooms" and over the course of the next seven years, comingled that cryptocurrency with other funds and cryptocurrencies to fund the continued operation of these drug trafficking and money laundering enterprises. The evidence in this case, as well as the

Statement of Facts in support of the Plea Agreement, established that Defendant Barlow used his comingled funds in support of his dark web market sites. The expenses incurred in operating these dark web market sites included, but was not limited to, the purchase of manufacturing equipment, precursor chemicals, mailing supplies, packaging materials, computers, internet services, one or more residences to conceal the manufacturing of the controlled substances, vehicles to utilize to move the packages of drugs to mail delivery services, fuel, travel to facilitate the conspiracy, and payments to his employees.

The law is well-settled that the commingling of fraud proceeds with untainted money as part of concealment money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) permits the forfeiture of the untainted money. (*United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003).) "Forfeiture of commingled funds . . . is proper when the government demonstrates that the defendant pooled the funds to facilitate or disguise his illegal scheme." (*Id*.) Commingling "is enough to expose the legitimate funds to forfeiture, if the commingling was done for the purpose of concealing the nature or source of the tainted funds (that is, if the commingling was done to facilitate money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i)." (*United States v. Coffman*, 574 F. App'x 541, 561 (6th Cir. 2014) (internal quotation marks and citations omitted).)

The evidence is thus clear that Defendant James V. Barlow used cryptocurrency he had acquired prior to 2014, as well as proceeds he earned during the conspiracy to fund the operation of the dark web market sites and to pay his employees from 2014 to 2021. Defendant Barlow's Response fully supports the United States' theory of the case when he explains that after acquiring Bitcoin from 2012-2014, the "150 (Bitcoin) were left unspent/unsold by January 2021." (*See* Doc. 175 at PAGEID #: 1185.) The clear implication of starting with 900+ Bitcoin, and ending up with 150 Bitcoin, is that Defendant Barlow spent or used more than 700 Bitcoin in the operation of the

drug trafficking organization he established in 2014 and controlled and operated until April of 2021.

The shell-game Defendant Barlow is now attempting to play is made evident by examining the example of the 150 Bitcoin expenditure he identifies. (*See* Doc. 175 at PAGEID #: 1185-1188.). Defendant Barlow explains that beginning in January of 2021, he utilized 150 "unspent" Bitcoin to secure a loan via a cryptocurrency "Smart Contract" which he leveraged to take out $3 million dollars in loans to fuel the purchase of property, additional cryptocurrency including ADA and DAI. (*Id*.). According to Defendant Barlow, these Bitcoin are separate from his drug trafficking and money laundering conspiracies. What the defendant leaves out about the exact origin of these Bitcoin and path that these 150 Bitcoin took to end up in his Coinbase account, is illuminating.

The 150 Bitcoins that Defendant James V. Barlow identifies in his Response were being stored in one his Electrum Wallet. Tracing and additional investigation established that over the pendency of the conspiracy, Defendant Barlow's Electrum wallet both indirectly received approximately 40.9 Bitcoin from Darknet Marketplaces, to include: 29.425 Bitcoin from AlphaBay, 5.13 Bitcoin from TradeRoute Market, 2.65 BITCOIN from Silk Road and 2.5 BITCOIN from Nucleus Market. BARLOW's Electrum Wallet also received approximately 307.9 Bitcoin from Mixer services to include 240 Bitcoin from SharedCoin, 47 Bitcoin from BitMixer.io and 14 Bitcoin from Bitcoin Fog.

In short, this wallet consistently received illicit funds from Defendant Barlow's criminal activities. From this Electrum wallet, in January of 2021, Defendant Barlow took the 150 Bitcoin from the comingled funds and sent 150 Bitcoin from his wallet to the Binance account of his personal assistant in the Philippines, Lea Andrade Viloria, a wallet that he controlled at the time.

(Exhibit B). He then used Ms. Viloria's Binance account to convert the Bitcoin into "Wrapped" Bitcoin, which he used to enter into a Smart Contract with Oasis.app and convert the majority of the Bitcoin into DAI that went into his personal Coinbase account, from which he purchased the property referenced in his Response.

Thus, even the example that Defendant Barlow identifies as being an "innocent" use of the "separate" Bitcoin he previously owned, demonstrates that these were funds that were comingled with his drug trafficking profits and proceeds, occurred during the time frame when he was operating a dark web drug trafficking and money laundering conspiracy, and exemplifies the extensive efforts he took such as using cryptocurrency mixers and the use of a third-party account to conceal the source and ownership of the of the cryptocurrency. Standing alone, this comingling provides a proper basis for the forfeiture all of the items identified in the United States' *Motion for a Preliminary Order of Forfeiture* and *Attachment C of the Plea Agreement*.

As such, even if it is difficult to determine whether the cryptocurrency, the wallets, and/or the Real Property that Defendant Barlow requests be returned to him — or omitted from the forfeiture order (*see* Barlow's Response, Doc. 175 at PAGEID #: 1168) — are directly traceable proceeds derived from the drug conspiracy, the United States asserts that the forfeiture of these items is entirely appropriate in this case because the United States advanced more than a simple proceeds theory of forfeiture in this case. Indeed, the United States asserts that the cryptocurrency, wallets, and Real Property are also subject to forfeiture in this case because they were all comingled with Defendant Barlow's assets, facilitated and/or were involved in Defendant Barlow's illegal activity and are therefore subject to forfeiture under 18 U.S.C. § 982(a) as property, real or personal, involved in Defendant Barlow's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or under 21 U.S.C. § 853(a)(2) as property that was

6

used, or was intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal drug activity and money laundering to which Defendant James V. Barlow has agreed to plead guilty to.

**B.      Because Rule 32.2 of the Federal Rules of Criminal Procedure provides that a third parties interest in property subject to forfeiture in a criminal case is resolved after a preliminary forfeiture order is entered, Defendant Barlow cannot object to the inclusion of property in a preliminary forfeiture order based upon an assertion that the property actually belongs to a third party.**

In his Response, Defendant James V. Barlow objects to the inclusion of certain cryptocurrency and/or wallets because third parties may have an interest in the property. (*See* Doc. 175 at PAGEID #: 1169.) In fact, he asserts that his friends and family "decided to invest in [his] cryptocurrency portfolio and authorized [him] to handle the investment choices on their behalf, like a hedge fund manager. (*Id*.)

As an initial matter, the United States notes that it is not aware that Defendant James V. Barlow holds any licenses or has registered any businesses that would allow him to operate a money transmitting business. Title 18, United States Code, Section 1960 provides, "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime]." 18 U.S.C. § 1960(a). The term "unlicensed money transmitting business" is defined as "a money transmitting business which affects interstate or foreign commerce in any manner or degree and . . . fails to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations prescribed under such section …." 18 U.S.C. § 1960(b)(1)(B). "Money transmitting business" is defined as "any business . . . which . . . provides check cashing, currency exchange, or money transmitting or remittance services . . . or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an

informal money transfer system ….." 31 U.S.C. § 5330(d)(1)(A). "[T]he term 'money transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier …." 18 U.S.C. § 1960(b)(2). According to FinCEN's Guidance, "exchangers" of virtual currency are "money transmitters" that are required to register with FinCEN. (*See* Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies, FIN-2013-G001, at 3 (Mar. 18, 2013). "An 'exchanger' is a person engaged as a business in the exchange of virtual currency for real currency, funds, or other virtual currency." (*Id*. at 2.)

Notwithstanding Defendant's Barlow's assertion that a portion of the property identified in this case may have been involved in an illegal money services business, the United States focuses on the purpose related to the instant Reply — the entry of a Preliminary Order of Forfeiture in this case as provided by Rule 32.2 of the Federal Rules of Criminal Procedure based upon Defendant James V. Barlow's violations of 18 U.S.C. § 1956(h) and 21 U.S.C. §§ 841 and 846. In accordance with Rule 32.2, the United States is seeking entry of a Preliminary Order of Forfeiture in this case that orders Defendant James V. Barlow to forfeit his right, title, and interest in the property identified therein.

Rule 32.2of the Federal Rules of Criminal Procedure provides that "[t]he court must enter the [preliminary] order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A). "Under this rule: the court orders the forfeiture of the defendant's interest in the property — whatever that interest may be — in the criminal case. At that point, the court conducts a separate proceeding in which all

8

potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property." (*United States v. Kingston*, No. 2:18-CR-00365-JNP, 2022 WL 16948816, at *5 (D. Utah Nov. 15, 2022) citing Fed. R. Crim. P. 32.2, Advisory Committee Notes.) "Accordingly, any objection the defendant may have on the basis that a third party holds an interest in forfeitable property is not his objection to make. Thus, the court's only task is to determine whether the government has proven that the specific properties that it seeks to forfeit' are traceable to [the defendant's] convictions." (*Id.*)

In addition, the Title 21, United States Code, Section 853(k) expressly bars intervention by a third-party in the forfeiture process outside of the ancillary hearing process provided in 21 U.S.C. § 853(n). Section 853(k) provides:

> **(k) Bar on intervention**
> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may—
>
> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

(21 U.S.C. § 853(k).) Thus, as the Sixth Circuit has explained, "[a] third party's only avenue for protecting [her] interest [in forfeited property] is the procedure set forth in 21 U.S.C. § 853(n)" — commonly known as the "ancillary proceeding." (*Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012) (emphasis added); *see also United States v. Warshak*, No. 1:06-CR-111, 2009 WL 113232, at *3 (S.D. Ohio Jan. 14, 2009) (holding that third parties lacked standing to object to forfeiture; their only remedy was to file a claim in the ancillary proceeding or a remission petition with the Attorney General).)

9

Therefore, it is not appropriate for the defendant to object to the inclusion of property or intervene in the inclusion of property in the forfeiture order based upon a potential third parties interest. The United States notes that as part of its Motion it asserted that following entry of a forfeiture order in this case, it will provide written notice to any person who reasonably appears to be a potential claimant with standing to contest such forfeiture in the ancillary proceeding in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure. (*See* Doc. 172 at PAGEID #: 1153.) Therefore, the United States requests that as part of the forfeiture process, Defendant James V. Barlow be ordered to provide the full name, telephone number, and last known address for any third party he asserts may have an interest in the cryptocurrency and/or wallets that are identified in any preliminary forfeiture order entered in this case.

**C.     Conclusion**

Therefore, based upon the record of this case, the United States' Motion for a Preliminary Order of Forfeiture, and this Reply, the United States respectfully requests that the Court enter a Preliminary Order of Forfeiture in this case against Defendant James V. Barlow ordering him to forfeit all of his right, title, and interest in the following property to the United States in accordance with 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a)(1) and (2):

The following cryptocurrency seized from wallets owned by Defendant James V. Barlow:

| Amount of Cryptocurrency | Wallet Address |
|---|---|
| 0.07692270 BTC | 3KmzJxFx6Nr7PYjsmqrPAUmThrT85Y6PR1 |
| 0.02113000 BTC | 32juQXT6GzG3a3Knd6g9XDRFQvGsvxawwL |
| 0.00357018 BTC | 3Dj8GDvuqCgCJw4UgVBTbdWANrAH4eWC1C |
| 0.06067440 BTC | bc1q6dcr4fwnz0gl9dxqv0p24qyuhrfdgdr2qwtzvf |
| 0.00116606 BTC | bc1qaaueygvk828v2wuz0a4zm4wvqsgmmm92kfs30e |
| 0.00336344 BTC | bc1qq3rn9tq7srg9lyh4sj2smpvl6gujnvv8rzuf89 |
| 0.00346184 BTC | bc1qjxe8ffwa3jhulv5j0zkm7henx65qsagt9mksa6 |
| 0.00062355 BTC | bc1qppgq3h5wcdkh6t23wm5gyzrgs0m67vvu5yr8jg |
| 0.00332544 BTC | bc1qqcr9z0cvlvtpdkect2qurv8nhrjfywljlf55nx |
| 0.00196334 BTC | bc1q98k4hcxuqn8gsj3s7sske7lhatx54lkuypqq5q |
| 0.00187484 BTC | 1P3rkdEd9miGaMKKHqBz9AwMYsWeL2sYmQ |

| | |
|---|---|
| 0.02005223 BTC | 15H59Aah7YKgjutbjeoam13zBeov4NJdMA |
| 0.00048519 BTC | 12DtSEoNJcse1RnUdCBZxKb8JcUrPVJ7ii |
| 0.00059620 BTC | 142mxNF4USPT4KKNoJYHUoHbKoEx7wDHA7 |
| 0.00345200 BTC | 17QUsMjyjVira8Ac5Pyi1qJY5Z74UeVz1X |
| 0.00010000 BTC | 12DtSEoNJcse1RnUdCBZxKb8JcUrPVJ7ii |
| 0.00051720 BTC | 1L3CTJtbiThzk2dwfnynWLAosxUEsUaVKN |
| 0.00177230 BTC | 1GgGbux5wLdcQ7x98qvsajv36NA9s45AH4 |
| 0.00356930 BTC | 1C64hPBS8iQiKPTjd49VHCWopW3afATvXg |
| 0.00080487 BTC | 1EJJSa7tdASq2ssgb32kpx6FPYCeQrJRRt |
| 0.00186410 BTC | 1Nhvnqs34kH46SsVPfcUyjxbXHk6x9297v |
| 0.00183300 BTC | 1ABfFfyiJAJeuUftPVfv4xJsuG8eJ8NJgE |
| 0.00132820 BTC | 14G865mrap2aWvDjTPQYcNT8cr3MvYTPox |
| 0.00001852 BTC | 1Js12zpjNP995GVDv2CSJ7JH4SFZhXyTey |
| 0.00125840 BTC | 1NgUcizPtfEB95BhwGZXzc4mwJw4v13kkb |
| 0.00077650 BTC | 167WQvDpgFRMuZGMiqnaHTE8FzriCBNYxU |
| 0.00071164 BTC | bc1q80r4zwzzlu7q8tnka8jwhn3va8r0rs2mewezr2 |
| 0.00289894 BTC | bc1qs768c0gfqs0733dmq2yc3zeuzm4flkn643qtsy |
| 0.01000000 BCH | qpku9tw38e0auhpq24hd6wa4dkdc7des2st7x3cp22 |
| 9.08934853 BCH | qq4tel9y43t4kkm3yvjhcaveeuxquaxvycpk9dstlm |
| 0.34565245 BCH | qzzkm24cj77yfsjdgq5hn02n07algz2yevt6txymfr |
| 1.99999771 BCH | qqqkcps6yfhr0vhstjn0zgs4fff4y9n3fvc4w9ledn |
| 9.30199771 BCH | qpmvayjhla8smd7z7lqw0x50mmak68dm0vzwq8at7u |
| 2.824863 ADA | addr1qxugkkmeqkv4w6sefp2dqyaj3ynk5j9zexeuf675akenkr9mdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0aves4xcfuw |
| 15 ADA | addr1qytdq20006dvmfps2gc2zswd34ka47jfv83ud6p9zj5ahzamdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0aves4e4ph8 |
| 449981.826359 ADA | addr1qxns73wmt0mnzyqwzu5673fz8q3708aa5qs40f7vqaa8c99mdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0avespkvcdf |
| 20639.2 ADA | addr1q9dmn3sh6ge44sh730wye9ucvyuxqzgzq620v82pzxl9n84mdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0avesgjgs9w |
| 245362.39218 ADA | addr1qxzgr58dczumhgcmwvah5gc2lc9tyx2a2l3aym0t9ezc729mdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0aveshy8j99 |
| 3033.687717 ADA | stake1uxaklkrwgtjh50fsf3f3xdpdw7899ejzd50jyf0xnk87kvc8yf97c |
| 512.288229 ADA | addr1q97qzext0uhv8dtjhxwgh6negygfc0xjqajs trrysnpymmtuq9jvklewcw6h9wvu3048jsgsns7dypm9qkxxfpxzfhksy8utrs |
| 283998.826359 ADA | addr1q9qnwh8lnljp3px6xglurlrmusk5yuf8sd29242k7hekkx9mdlvxush90g7nqnznzv6z6auw2tnyymglygj7d8v0avesypvlhq |
| 0.283313073777777777 ETH | 0xe5ca01ff7e98cd7bf209895a2de04aad22cb96ab7a5dfdc61fc0ac4f7aa80911 |
| 0.927160225 ETH | 0x748589b0eb2713ef5a940764ba2343a66b7603443056fd2f15f47b4b33cdc993 |
| 22.176731417442724858 ETH | 0xebae34414a6f3664fb49bf6ed86d4e86a26092151bc889b9af592b6 |
| 0.298443892 ETH | 0x4fbfd98a72553023d789137ba0b248be5f0ed06a855fb4f2a7a4a3 |
| 0.92960739 ETH | 0xfe7fe5931b71df73ce363833fde43635bd0d95c0 |
| 0.000861 ETH | 0xe1acacb024e2553e21fbf20d94ca45f7113c4154 |
| 0.91633964 ETH | 0xe1acacb024e2553e21fbf20d94ca45f7113c4154 |
| 0.41636360 LTC | ltc1q5yauk3j22tj8wnmu40km4ufzkg5eknfs7e4y2z |
| 0.58600860 LTC | ltc1qc23uggydqqgac2pxtxwgh3v2m7qf2nw5z46ccw |

11

| | |
|---|---|
| 0.34487135 LTC | ltc1qfrpa27vzvjft43vnqgerypr7eh4sgm7khfcud0 |
| 0.56006237 LTC | ltc1qwxcgpvvf5p8vn33x87hzgcwyheaqveh9rf0ngx |
| 0.88459934 LTC | ltc1q35tlhkuagmnjel4c65wszepusf29my4j737u6r |
| 0.91952218 LTC | ltc1qj8lu49jumhd2wmg5sza6tdgcrgck84qtwr7uyu |
| 0.56227148 LTC | ltc1q9fxfyu709ew8xah7da2wxjlsv2y2ksuqhwdven |
| 0.33931910 LTC | ltc1q9sxqy0hzwuc8nzsm2kqfdhqxzx5xj2y6agfmyg |
| 0.37162809 LTC | ltc1qdwx0f2vpsrp099eq3sv36lphp4w9rgs9a8gwh5 |
| 0.19583067 LTC | ltc1qum73j3esjp7khrgluutn24kh07fxhth8ey09nl |
| 1.10739813 LTC | ltc1quyuwjvu5dv7s2ujul857vq4nnazd0a2qh9qmk8 |
| 0.36320907 LTC | ltc1qxyxnh02asu2f9wgsl23gcjk7706y57pt0mwmgd |
| 0.41826473 LTC | ltc1qyvf6awpzqfy7afsul4pcqvrw6h3u5rmq9n5kz5 |
| 0.27204643 LTC | ltc1qw0qerta9phmeuj99pvc9ngw7eycnrdhplukp7t |
| 1.09294355 LTC | ltc1q6c032lummk8vpe0hlzvdugtm7kqrhvtep3xa2f |
| 0.20045406 LTC | ltc1q6rtx9p0t678ekkwtl3qd0xajg2kmqe0awz0zzq |
| 0.75388269 LTC | ltc1q2tmf92l3d5ptwgw9hl0cuevf3rjs0fj3er807t |
| 0.20014188 LTC | ltc1qz08ay050q4rguuw2j75zuscgmnjgt7agw7y4uw |
| 0.33779804 LTC | ltc1qd8naj5h0g72e5lpfgh62j9pjhxqu5g8x3ty3rx |
| 1.04211985 LTC | ltc1qgtp82lvwd0676d44rf2rrhur98l9cvzuegd0hp |
| 1.67961317 LTC | ltc1q8pkq3sztmn3k58vhkf8ndlf95prg3ytupx0zew |
| 0.44415705 LTC | ltc1qrjcpvp6uqtj3jnt6a4m8jqdswe5dpmlfamm8kq |
| 0.42798064 LTC | ltc1qz5a040qkf70h48m6n2l5dsawf3t3gx4sy5jhlx |
| 0.65296509 LTC | ltc1qttt2sg78kn3p94c7mwp8slesn40d8s9ndfd32l |
| 1.05977784 LTC | ltc1q263l8akejwtdv6fr5ugjyxqq85v5xq6eee8ksc |
| 0.45100106 LTC | ltc1qyvj6zg2hln8xz5n9smqyvgyezgyswqpeazc4t8 |
| 0.70967696 LTC | ltc1qpdazpxts9kaj7y52y5kp77wzp8g3q5nkky4yue |
| 1.00104407 LTC | ltc1qwayekytufqysj93h3z0pjl7eug667nh8kkgca8 |
| 0.92026856 LTC | ltc1q8j9rxsvprp0q77apgvw3kf9rv58p9a93qhk8he |
| 0.24489698 LTC | ltc1qn5vjh224th4nx45r0gsakssxxlhwnkrpq7wvrm |
| 2.28616509 LTC | ltc1qtrk02atyg95tqxfsfxyqnyc2k9r4gguvgetjn0 |
| 0.53705138 LTC | ltc1q9cvl42lsdm99v3r4k4hrkrpwdd0zz2fjlnxx78 |
| 0.52888303 LTC | ltc1qqjzx7s33jgpwxpert8xncsmsg0w4fjvu65dtge |
| 0.37458894 LTC | ltc1q28nhpn97xy5p53ly0ptsdq2tzu8kr349w5akks |
| 0.36083423 LTC | ltc1qv3ks4w2xnzvtw26e56tk9etjpvl8qvf5jz2s4q |
| 0.47531830 LTC | ltc1q5kcw0ph3rpcfgwkju57g5avd792y34pdj9g6rz |
| 2.45368155 LTC | ltc1q2mvl9wz0hagqrrsky3aksu0egaf4k6e38jge4m |
| 0.1620682 LTC | ltc1q5std222ltu36ptmehzgp89xpg7knarrgpc36ul |
| 3.42672983 LTC | ltc1qjn3wlddgnl9krg70v3xmyryqja9pa70lqqqfxe |
| 0.70468502 LTC | ltc1qvkd4z7lq2vjuaal2hjt0vagdnclgekx34lzhrn |
| 0.6562565 LTC | ltc1q9hmnv5hg50x5vrzx4fmg6jv8xxkcsg9arpetg7 |
| 0.87461662 LTC | ltc1qf9xzqmafp8mm7lcurmm4a5wre23e6gxxyjrqff |
| 0.37512686 LTC | ltc1qa7umwcmvldjpfp2kyy9pattxgc9g7rvzqd9wx9 |
| 2.37878077 LTC | ltc1q2xangktv7n5dfprujwhaz8y3ylcyenmjhrmp78 |
| 0.83781655 LTC | ltc1qtakuq30vf4fsqjudn0rjxap5ayd5rt0gk6t982 |
| 1.19777381 LTC | ltc1qpzkt0ct5qyl9d5s78mdj0jre2z2uy5fnm9gp4s |
| 0.59431798 LTC | ltc1qk3kejvuglsyxw5624r2jgrcray3dae5xmst8cr |
| 1.39798628 LTC | ltc1q0vsgy0k36g94astk3t6k65wm7umetxuqsmk47h |
| 0.515765 LTC | ltc1q70dgjw62ewm7qqx2qt6yc2srfe2unfsh3zyj2e |
| 1.22855165 LTC | ltc1qtu792kav5uzuwtnvptduda4phu657x7x5v7k2l |
| 0.46136831 LTC | ltc1qhr0nr3a4htxjg94kjl3m6095dfvluqmjxjynjg |

12

| | |
|---|---|
| 1.32032164 LTC | ltc1qg39k5stwhyh20xhjr8nuwqr2yszz6p70wpuafx |
| 1.16635605 LTC | ltc1qct0d5zrz9z3e56zmvp6mx9d7ndxeg8lswh92y9 |
| 1.28292257 LTC | ltc1qeedyrvy8l8fuxkvegm8zqdmpxeawqnm3drq3yu |
| 0.12038482 LTC | ltc1q6r8pcw9ztkamp9lkvyh534fqj7wtqedrk9rf38 |
| 1.11039152 LTC | ltc1qusyfrusyqftzj7gt8u3wkud2vjdwchpuj3eqkz |
| 0.56216817 LTC | ltc1qme8dnka54kjceglyrqng8zhm0dsdz0dn66nyk3 |
| 2.44654885 LTC | ltc1q4h356gnam4uttctry2fgja9ekm0wptu5j2l0lm |
| 2.52581638 LTC | ltc1qr068dca8j2fmr35gmsqclzjdnylqt86ktx7fq7 |
| 1.97347803 LTC | ltc1qxa02sfrwuknv5pqqmgzfnrx7wgt422aldvy8wa |
| 0.45952312 LTC | ltc1qsfr0knl95s8t45v4scjp6q3rjssjtqgwh7x9uw |
| 1.11306956 LTC | ltc1qn4vgz0m2adm9nqmmk00dk9mjfzdttq8mha02hx |
| 0.52641781 LTC | ltc1q9wz8xk3gs3ulpw27pnhqfcv24qnyhxer569rsz |
| 0.98905508 LTC | ltc1qun7xk9gpt2ucjd0mc9m27fseyyr2ekxay83634 |
| 0.22985719 LTC | ltc1qefs3dkcnjznyzddh5kgfg6797vczqkd2cxq7ln |
| 0.7723052 LTC | ltc1q8ssg3lhcqwkp5tddzc6w2x6fs8x8r7ewsyk0q4 |
| 0.55066674 LTC | ltc1qajeu3te6wwrjtvj0y42n6s5xtjngem7ypjppjc |
| 1.26863105 LTC | ltc1qx9qfxrlp5v9jevuukuknjss38t68xpe37kep97 |
| 0.17468682 LTC | ltc1q72kxufsxr5ea5qrlchcxk640kmt977klu2tkhn |
| 1.4080863 LTC | ltc1qm79puhx7a8plvml39kpyd0ek4d5puj52y9t0fr |
| 0.24832438 LTC | ltc1qylzr2pj6vyccamdlr3kq2l5edfemm2e2xadr7f |
| 0.2199638 LTC | ltc1qvejj8r6wuq0t5kpdlquz8lu7mz9wt5gmsywcjx |
| 0.85086981 LTC | ltc1q6yp3tq0wxthdc4dp7ksfhxuup9956s94tc7hfd |
| 0.9022037 LTC | ltc1qqdhpamtka0dzjuv5xdv8laj3t2em2ez0m33n44 |
| 0.74389412 LTC | ltc1qwq7yqvnzu8ru9qu74nq5nmykmdn0aeqlzdkg8w |
| 1.18439892 LTC | ltc1qm67m675he7sp65a0c8779vv8neanxnqxsslc2l |
| 0.73388364 LTC | ltc1qya72ukwrcpecm4ye6zdq6p0x6uve50akhph5hq |
| 4.32506073 LTC | ltc1qknzwq5fm9ed994pec228zu456u5a5n65vnljwq |
| 2.53403713 LTC | ltc1q2p8ruzr2neqkm5gzgndkdt2sq9vhl6zn7x9qae |
| 0.50234679 LTC | ltc1q5th9jguk2kkx7p9mxzw2q8vu40e9fjs3evwhts |
| 0.52170887 LTC | ltc1qmdvlt5g8khwzga9unymuq7lqu2rgq5sm4r6xey |
| 0.53101935 LTC | ltc1q4uy4h0mf4smcvfpvu2h6c6awcn2ww4r30l73pu |
| 0.58386395 LTC | ltc1qyqez2jerknux8l6zz5xq4f43fg5gh0qfu6593n |
| 0.99347836 LTC | ltc1qd7wsgkw9r0xc4a533nkeenr76ls25zs93axwsn |
| 0.30367165 LTC | ltc1qax9emr9xc5u34djtjly8wyu7urg3z9u3dqwzas |
| 1.06218026 LTC | ltc1qxs6fwutqyl6n8r04a7fpqa8e2x2am589mp4s9r |
| 4.39039214 LTC | ltc1qp3h3h0vt74l84wshwsdgvjc408gv2llwclykfq |
| 0.52299188 LTC | ltc1q8xy8uprx6aj5vgpkexp3dwgcwygxyks6z94uqq |
| 0.25826233 LTC | ltc1qz3tgdap8twa55dtkz9l2sfgh3yany6gqcxmtjx |
| 0.92836455 LTC | ltc1quz7vc9xtvvjy4zvzklumczl0494tymcqcrzfaa |
| 0.20597733 LTC | ltc1qyegz8jwu7ggx4psheeucukcq7zhys07zyj2rr3 |
| 0.32784561 LTC | ltc1qfucsz58kglzg8xvp5trt7jyw077p2xe70gkyq2 |
| 0.1906743 LTC | ltc1qke62dt8dh475xdcxs990vt4cv2lwt8tn5yj45r |
| 0.13353863 LTC | ltc1qy4uempt8qje3anqwgaq5ywje7pa4d9q2ucena0 |
| 0.79725189 LTC | ltc1qr2q44x4f9uv38zal5785qh38kw4xuclxtgckw0 |
| 0.1374513 LTC | ltc1qw64dqyvql3mxsdmkwenf34q0fl0t2d4l9hj3w8 |
| 0.33674137 LTC | ltc1qhstalkqfjd4n39ujcxv8cqtlv89xh53jdyrvku |
| 0.55227356 LTC | ltc1qtsaxaudq3078hzc0r2gml4ns7l5k7tmwy2qg92 |
| 0.79308423 LTC | ltc1quehu2rjf5vr3ultjtwamypxudxvrdphtfrs9rt |
| 0.16868499 LTC | ltc1qvzmextzvsuz9r4nhxn94nvhmgwwncpk0su342h |

13

| | |
|---|---|
| 1.53860104 LTC | ltc1qxclkkvd3gmh27tu37fr5rys8v0ftq6knku6fpq |
| 0.76607054 LTC | ltc1qap3y8fmywah09mjrqzzj0ygnwrvpjpw5nfvvwn |
| 1.144259 LTC | ltc1qu5dfg04gewe90hn4gq394c8tw4up48d75jrexp |
| 1.98911697 LTC | ltc1q6822d4kzmye4ckwylszlt98cj2ncz9zkpm7nke |
| 4.84186369 LTC | ltc1qjfxgcvzauz0mhp7pptrunlla838qwaz4txps33 |
| 0.88402349 LTC | ltc1qmd7s8n4glhklfwyg9sxc39dfxtjz3fnm9e7zn0 |
| 0.23734555 LTC | ltc1qt92ap3tf6yzazzgzuatdfr0vuudw0hv08uj3y3 |
| 0.36511538 LTC | ltc1q5rsltz5rda5uaq6aytd84t35x4ale5tucwnyjc |
| 0.81021885 LTC | ltc1q2g3cqsl5epx6acqk43veqy0umcs39dj9nrnxrz |
| 0.47119552 LTC | ltc1q4ts004c2sw05l28c7s3s9qztyeqc6f77erjx4e |
| 0.41205914 LTC | ltc1qyz2d277t0wx0rsqkn8nnrs69vhde2u0m4d4vxf |
| 1.62024864 LTC | ltc1q0aujjdw705kv0au44gx00e4afu0r5qsj8xux7u |
| 0.2482137 LTC | ltc1qplsx6rq68mr8fkcmqgh7rdgtu499exm559w89z |
| 0.53163336 LTC | ltc1qwyfpa227y3mex34xdpdzdl2g7z8dq2226nptwv |
| 1.19107461 LTC | ltc1qsy0cg0pggq0fdzn7ylsdd4398palgfqfx8jna8 |
| 1.69870763 LTC | ltc1qfycwvvkw9xazsq0wdv37zs97apltw5sntk6745 |
| 0.19707711 LTC | ltc1qcv3c9zxrlz5r56xxtpge8n4t86pnmt8020ze5c |
| 0.87166752 LTC | ltc1qxl29f48kajjqe5pjjevmdqu3jgu57ke0uq8cg5 |
| 0.42025829 LTC | ltc1qs53hljspgwtujh6v5vt02muejweu89puplc2z5 |
| 0.80422847 LTC | ltc1qdv3s2lzt2td9arpysyw9l6mfp4pfw88ty55jmr |
| 0.50268462 LTC | ltc1qpsyukc395t2rc88lfpwkk650lm23uyelwsdt8r |
| 2.6008778 LTC | ltc1qdsx758dw933nndlqfl04rjtxzcwcswcdp4kduc |
| 0.82249309 LTC | ltc1q7srqxtg3ad2sjccrpe2d999e0yp46rysh00fec |
| 1.90197138 LTC | ltc1q6vktjdx2sy5kcrkxr9m4gz57krmmj8ewstysus |
| 0.58761826 LTC | ltc1q4a5dhm99q540cz20kja3hgjxx4ee8tcn3nj20q |
| 0.73467286 LTC | ltc1qg76l2m9e0lmsjjagxd7yzm28hcp7hwue7388fc |
| 2.22724226 LTC | ltc1qvwdhdwc39x2ycj46lfvjyje3mu94xjw7ztplxx |
| 1.38902919 LTC | ltc1q2kw95kw4j3g6p0frfzgrgu9svkgjl9mnpml5sp |
| 0.81181975 LTC | ltc1qls7g2qpge3l68rgpd4c64p6a339552q33ef3uf |
| 0.71639278 LTC | ltc1qme884czv7v7lkup6x4x73lr28s9jkvzkv97dda |
| 0.44463092 LTC | ltc1qn99njccwm9p3mt5satvl4xp0k0nxqer5ztxhsy |
| 6.703352 LTC | LbbkYeuYAZTPRAXYinannNXyQNP4jj2Jfj |
| 0.51740189 LTC | LS7THWxSpAa5YR9prPmNEMr91pXHzBSR12 |
| 9.57621714 LTC | LfUf7WpLeBiC1gjzwR9uK8MxtKhS4qft15 |
| 3.54878005 LTC | LLiK3kcDnJCLS6F6Mrf9st3K1RY8WQni6Z |
| 1.0 LTC | MC1f3BbrtNasQ4umgJ8X111GxnET3Ny7e5 |
| 31.87221554 LTC | MQWNkcaw5JSaYfqKzUzjNneFfng7MGUW7i |
| 43.68050477 LTC | MS4ffr3NFP7MaqGKoPh7Mr8MYWGPfSfB1J |
| 51,348.466929 XRP | rLePCL5WDFBTzqvCBiuoxXnzauj1WVa3Hc |
| 25,866.1516062 XLM | GCFLXAUG5VPRD5V46OU2KZPJHE7RYFZ6FR7OK4VMPIRSAADXDZS32FMO |
| 0.0002000 XLM | GAV5XPUHSNDLRMACDGCYDCAV2FRIPQWNWVJNHKI5ZNZWAQNGED4QYKUT |
| 0.56143664 ZEC | t1cyBWMRZnzYtGnU2Cjgg2Kt9RFerR35rnT |
| 1.08718864 wBTC | 0xe1acacb024e2553e21fbf20d94ca45f7113c4154 |
| 25.82277282 wBTC | 0xe1acacb024e2553e21fbf20d94ca45f7113c4154 |
| 478.5856 LINK | 0x3f60c4cb8585d200a0608a8d97c870d1744985dc |
| 3105.3 CRO | 0x3f60c4cb8585d200a0608a8d97c870d1744985dc |
| 13.86939001 XMR | 4AZcj6sNCDGSej3qLsj63kjG8ftKSzZ3dgEwgvajJpNaM71WcRc |

| | |
|---|---|
| | MBD6etmkWBcxUntBhUMeuEUT6ZCt6TBxesma4HJqMbAo |
| 0.104089459715 XMR | 432RhANooCZYtN3EaQGv434ynQDFA9oMr28ifx4ucjuEQBRJkAdLmX8CBL6X8iWXZCRs3b1Bs9iWFKiT6k265DtNC7agg37 |
| 18.958526601531 XMR | 89LZ3Kzp36rfcBPdG73CxkeppTYBVT5QKApyksQdWdzydE8QHkdjwAY8wEs9yys8Hy4vjLVLd1uRtSsb1DjZBwSE2dk1rrZ |
| 47.313719520003 XMR | 43eRgpMFV7u2FN7hBwvMmGbHHJHdE4TJvPcW3WdiDgsmFTkKifTJ7F7WvL56b5XnUj5j19Kingr65PDkXV4are3F9F3aPcV |
| 0.00572822 XMR | 47jZE6Juw1HdRdXgQLGPauCL9zhDhTA9V2F2HfFM1nMNic7yzhR46mWNx5sJsa8eG5P61gPkqp1t71ougnU8SBbKJkcAUa3 |
| 37.29144 XTZ | tz1Pww3GvWpkSeFkzRv2oraLRXM2p9nswjKd |
| 46563.65 BAN | Ban_1upsn4y64uif9ezdez1164mmmkeqqczrzwywy8i9ondryg35o3sofxr5wa8j |
| 236.40 BAN | ban_3omsjwctouwddhmfo57x6knwqnuuwy6 oqnkrhoo6rawjbazn6w5twypsiwq |
| 175.13911699 BNB | bnb1rfd2yr3wf3xqmqdj5cyskhq0vuhge727kdj527 |
| 40282.57914443 HBAR | 0.0.85269 |
| 10.80637082 NANO | Nano_1ra33yydpdkgny4axr7yk6pke8cm6dtf3wszkqab7akxu446xpuikjs5mr3ak |
| 74078.53500000 VET | 0xf74AE4d2d2C2fA2eaF23b3CaE5633C0FA2f591e0 |
| 2348.83953368 VTHO | 0xf74AE4d2d2C2fA2eaF23b3CaE5633C0FA2f591e0 |
| 11092.26641731 DOT | 1EqBkL…jmmvbT |

All cryptocurrency associated with Celsius User Defendant James (Jim) V. Barlow, User ID: 8f667480-4c3b-4c76-8afe-09dfa37695c3, to include, but not limited to, the following wallet addresses:

- 3Dj8GDvuqCgCJw4UgVBTbdWANrAH4eWC1C;
- bc1qc2z7g87rep4m35lmzzvq9vuyn5ym3gac5nmly0;
- ltc1qm9pcmvk8dd9gzgmgzm00tgrpv0yavzsg06pnmr; and
- 0x3F2CF9915e0960226C0dd685Dbe3a1FB17A7Cc1e.

A 2016 Tesla Model X- Wagon, VIN 5YJXCDE45GF026419;

A total of approximately $687,915.54 in United States currency seized from Wealthfront Brokerage LLC, My Personal Investment Account Individual Investment Account xxx5396 held in the name of Defendant James V. Barlow; and

The Real Property known and numbered as 13100 Cameron Drive, Brighton, Adams County, Colorado with all improvements, appurtenances, and attachments thereon, Record Owner: Barlow Family Limited Partnership, a Colorado limited partnership, and legal described as:

County of Adams, State of Colorado, described as follows:

SECT, TWN,RNG: 28-1-66 DESC: FRACTION W2 SEC LYING N OF BURLINGTON DT AND S AND E OF ROW OF C B AND Q RR AND W OF OUTER TOE OF BARR LAKE

EMBANKMENT EXC ROW AND EXC HWY, COUNTY OF ADAMS, STATE OF COLORADO.

NOTE: LEGAL DESCRIPTION SUBJECT TO CHANGE UPON COMPLIANCE WITH REQUIREMENT NO. 11

Also known by street and number as:  13100 Cameron Drive, Brighton, CO 80603
Last Conveyance Recorded at Reception No. 2021000027359 –
Records of the Recorder of Adams County, Colorado.
Parcel Number:  0156928000007.

                                        Respectfully submitted,

                                        KENNETH L. PARKER
                                        United States Attorney


                                        s/Michael J. Hunter
                                        MICHAEL J. HUNTER (0076815)
                                        Assistant United States Attorney
                                        Attorney for Plaintiff
                                        303 Marconi Boulevard, Suite 200
                                        Columbus, Ohio 43215
                                        (614) 469-5715
                                        Michael.Hunter@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify on this 2nd day of December 2022, the foregoing Reply to Defendant James V. Barlow's Response to the United States' Motion of the United States for a Preliminary Order of Forfeiture was filed and served on all attorneys of record using the Court's CM/ECF system.

                    s/Michael J. Hunter
                    MICHAEL J. HUNTER (0076815)
                    Assistant United States Attorney