IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | 2:21-cr-089 |
| | : | JUDGE MORRISON |
| v. | : | |
| JAMES V. BARLOW, | : | |
| Defendant. | : | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Superseding Information (Doc. 71) filed in this action contained a Forfeiture Allegation notifying Defendant James V. Barlow that upon conviction of the offenses alleged in the Superseding Information in violation of 18 U.S.C. 1956(h) (Count 2) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846 (Count 1), he shall forfeit to the United States all of his right, title, and interest in:

    a.    any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of 21 U. S.C. §§ 841 and 846 as alleged in the Superseding Information, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, in accordance with 21 U. S.C. § 853(a)(l) and (2); and/or

    b.    any property, real or personal, involved in the violation of 18 U. S.C. § 1956(h) as alleged in the Superseding Information, or any property traceable to such property, in accordance with 18 U. S.C. § 982(a)(l).

As part of the Forfeiture Allegation, the United States identified assorted cryptocurrency, a Tesla model vehicle, United States currency seized from a Wealthfront Brokerage LLC account, and a piece of Real Property as assets that the United States intended to seek forfeiture of in this case; and

WHEREAS, on November 16, 2021, a Plea Agreement (Doc. 72) was filed in this case in which Defendant James V. Barlow agreed to plead guilty to the Superseding Information currently pending against him charging him with Conspiracy to Possess with Intent to Distribute Psychedelic Mushroom Analogue, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846 (Count 1), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count 2). As part of the Plea Agreement, Defendant James V. Barlow also agreed to the forfeiture of all property constituting, or derived from, proceeds he obtained, directly or indirectly, as a result of the violation of 21 U.S.C. §§ 841 and 846 as alleged in Count 1 of the Superseding Information to which he has agreed to plead guilty, and/or property he used, or intended to use, in any manner or part, to commit, or to facilitate the commission of such violation, in accordance with 21 U.S.C. § 853(a)(l) and (2), and/or all property, real or personal, involved in the violation of 18 U.S.C. § 1956(h) as alleged in Count 2 of the Superseding Information to which he has agreed to plead guilty, or property traceable to such property, in accordance with 18 U.S.C. § 982(a)(l); and,

WHEREAS, on November 23, 2021, Defendant James V. Barlow entered a Plea of Guilty to Counts 1 and 2 of the Superseding Information before this Court in accordance with his Plea Agreement (*see* Doc. 84); and,

WHEREAS, Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides that "…after a plea of guilty … is accepted on any count in an indictment or information … regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute"; and,

WHEREAS, although the parties agree that specific property has been seized and/or identified for forfeiture by the United States in this case, there is an ongoing dispute before the Court over the specific property subject to forfeiture in this case. (*See* United States' Motion for

2

a Preliminary Order of Forfeiture, Doc. 172; Defendant Barlow's Response, Doc. 175; United States' Reply, Doc. 181.) The Court has set a hearing on this forfeiture dispute for December 7, 2022 (*see* Doc. 183); and,

WHEREAS, Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure provides that if before sentencing, specific property subject to forfeiture in a case cannot be identified, the Court may enter a general forfeiture order that "… (i) lists any identified property; (ii) describes other property in general terms; and (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of [a] money judgment has been calculated."

WHEREFORE, the parties respectfully request that the Court enter this Agreed Preliminary Order of Forfeiture in accordance with Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure ordering Defendant James V. Barlow to forfeit the property described in 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a)(1) and (2) which can be amended by the Court following the December 7th forfeiture hearing if specific forfeitable property is identified; substitute assets are located; and/or the amount of a forfeiture money judgment can be determined.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1. That in accordance with 18 U.S.C. 982(a)(1), 21 U.S.C. § 853(a)(1) and (2), and Rule 32.2 of the Federal Rules of Criminal Procedure, Defendant James V. Barlow shall forfeit to the United States the following:

   a. All property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of 21 U. S.C. §§ 841 and 846 as alleged in the Superseding Information to which Defendant James V. Barlow has plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, in accordance with 21 U. S.C. § 853(a)(l) and (2); and

3

    b.    All property, real or personal, involved in the violation of 18 U. S.C. § 1956(h) as alleged in the Superseding Information to which Defendant James V. Barlow has plead guilty, or any property traceable to such property, in accordance with 18 U. S.C. § 982(a)(l).

2.    That as provided by Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, if specific property subject to forfeiture under this order is identified, or the amount of forfeiture money judgment is determined, the United States may move to amend this Agreed Preliminary Order of Forfeiture to seek forfeiture of such property.

3.    That under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if the United States is able to show that as a result of any act or omission of Defendant James V. Barlow, the forfeitable property, or any portion thereof:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States may seek forfeiture of any other property of Defendant James V. Barlow up to the value of the forfeitable property.

4.    That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

5.    That, in accordance with 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, as forfeitable property is identified, the United States shall publish notice of this Order, or any subsequent orders, and of its

intent to dispose of the subject property in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this order, or any subsequent amended order(s), shall become final as to Defendant James V. Barlow at the time of sentencing and shall be made part of the sentence and included in the judgment.

7. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Rule 32.2(e) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

Date: 12/5/2022

s/Michael J. Hunter
MICHAEL J. HUNTER (OH 0076815)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Michael.Hunter@usdoj.gov

Date: 12/5/2022

s/Christopher Mishler
by s/Michael J. Hunter per email authorization
CHRISTOPHER MISHLER (NV 14402)
Attorney for Defendant James V. Barlow
BROWN MISHLER, PLLC
911 North Buffalo Drive, Suite 202
Las Vegas, Nevada 89128
(702) 816-2200
CMishler@BrownMishler.com

**SIGNATURES AND COURT APPROVAL CONTINUE ON PAGE 6**

Date:  12/5/2022

s/Steven M. Brown
by s/Michael J. Hunter per email authorization
STEVEN M. BROWN (OH 0013000)
Attorney for Defendant James V. Barlow
5664 Montridge Lane
Dublin, Ohio 43016
(614) 461-8900
SteveBrownatty@gmail.com

## COURT APPROVAL

Based upon the record in this case, the agreement of the parties, and for good cause shown, this Agreed Preliminary Order of Forfeiture is hereby approved by the Court this 6th day of December 2022.

HONORABLE SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE

6