UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     PLAINTIFF, | ) CASE NO. 2:21-cr-89 |
| | ) |
|                 vs. | ) |
| | ) |
| JAMES VERL BARLOW, ET AL., | ) |
| | ) |
|   DEFENDANTS. | ) |
| _____ | ) |


TRANSCRIPT OF ***ARRAIGNMENTS ON INDICTMENT
AND JOINT REPRESENTATION CONFLICT WAIVERS*** PROCEEDINGS
BEFORE THE HONORABLE SARAH D. MORRISON
WEDNESDAY, SEPTEMBER 1, 2021; 3:15 P.M.
COLUMBUS, OHIO

FOR THE PLAINTIFF:
    Kenneth L. Parker
    United States Attorney
    By:  MICHAEL J. HUNTER
    ASSISTANT UNITED STATES ATTORNEY
    303 Marconi Boulevard, 2nd Floor
    Columbus, Ohio 43215

FOR THE DEFENDANTS JAMES BARLOW and MATTHEW BARLOW:
    Brown Mishler PLLC
    By:  CHRISTOPHER S. MISHLER, ESQ.
        WILLIAM H. BROWN, ESQ.
    911 North Buffalo Drive, Suite 202
    Las Vegas, Nevada 89128

    Brunner Quinn
    By:  STEVEN M. BROWN, ESQ.
    5664 Montridge Lane
    Dublin, Ohio 43016

- - -

Proceedings recorded by mechanical stenography,
transcript produced by computer.

                                          2

1                         Wednesday Afternoon Session,

2                             September 1, 2021

3                                - - -

4        (The following proceeding was held in open court.)

5            THE COURT:  Thank you.  Ms. Bragg, will you please

6    call the case.

7            DEPUTY CLERK:  United States of America versus James

8    Verl Barlow and Matthew Taylor Barlow, Case No. 2:21-cr-89-1

9    and -2.

10           THE COURT:  Thank you.  If counsel will please enter

11   their appearances, starting with counsel for the government.

12           MR. HUNTER:  Good afternoon, Your Honor.

13   Michael Hunter on behalf of the United States.

14           THE COURT:  Thank you.

15           MR. WILLIAM BROWN:  Good afternoon, Your Honor.

16   William Brown on behalf of Matthew Barlow.

17           MR. MISHLER:  Good afternoon, Your Honor.

18   Christopher Mishler appearing on behalf of Defendant

19   James Barlow.

20           MR. STEVEN BROWN:  Steve Brown, Your Honor, local

21   counsel on behalf of Jim and Matt Barlow.

22           THE COURT:  Thank you.  So it's Mr. Mishler on behalf

23   of -- I'm sorry.  Do that one more time.

24           MR. MISHLER:  James Barlow.

25           THE COURT:  James Barlow.

3

1       MR. WILLIAM BROWN:  Brown for Matt.

2       THE COURT:  Okay.  Thank you.

3       MR. WILLIAM BROWN:  Thank you.

4       THE COURT:  So, Mr. Hunter, what is the status of this

5  proceeding?

6       MR. HUNTER:  Your Honor, first, we're before the Court

7  this afternoon for indictment or, excuse me, an arraignment on

8  an indictment.

9       In May of this year, the federal grand jury returned a

10  one-count indictment charging each of these defendants with

11  conspiracy to possess with intent to distribute a psychedelic

12  mushroom analogue.

13       We're before the Court this afternoon for arraignment,

14  and we're also before the Court this afternoon for a Rule 44

15  hearing on a waiver of a conflict for appearance of counsel in

16  this case.

17       THE COURT:  Okay.  Great.  Do you agree, Mr. Mishler?

18       MR. MISHLER:  Yes, Your Honor.  That's my

19  understanding as well.

20       THE COURT:  And Mr. Brown?

21       MR. WILLIAM BROWN:  Also correct, Your Honor.

22       THE COURT:  And so -- am I right? -- you two are also

23  law partners, so it's not just -- so when we're talking about

24  the potential conflict, it's not just Steven Brown as local

25  counsel, but it's also both of you as law partners, correct?

4

1    MR. WILLIAM BROWN:  Correct, Your Honor.

2    MR. MISHLER:  Yes, Your Honor.

3    THE COURT:  Great.  So -- so that I can determine

4  that -- that -- for Mr. James Barlow and Mr. Matthew Barlow, so

5  that I can determine whether you fully understand your rights

6  and the potential for a conflict, because as I just -- you

7  heard me ask, you have -- two of your lawyers are practicing at

8  the same law firm, and then your local counsel here in

9  Columbus, Mr. Steven Brown, is intending to represent both of

10 you too.

11    So I have to make sure that you both understand your

12 rights and understand the potentials for conflicts and what

13 really that means for you.

14    So what I need to do -- I'm going to place -- we'll do

15 it one at a time, but I'm going to place both of you under

16 oath.  Let's start with Mr. James Barlow.

17    DEFENDANT JAMES BARLOW:  Yes, Your Honor.

18    DEPUTY CLERK:  Can you raise your right hand?

19    THE COURT:  To the best that you can.  I know that

20 it's hard.

21    DEPUTY CLERK:  You do solemnly swear that the answers

22 given to the questions propounded to you in this proceeding

23 shall be the truth, the whole truth, and nothing but the truth

24 as you shall answer unto God.

25    If you so swear, please say I do.

5

1           DEFENDANT JAMES BARLOW:  I do.

2           THE COURT:  Thank you.  You may put your hand down.

3 Keep standing, because I'm going to ask you some questions.

4           So do you understand that you are now under oath, so if

5 you give false answers to any of my questions, you can be

6 charged with perjury or with making a false statement?

7           DEFENDANT JAMES BARLOW:  Yes, Your Honor.

8           THE COURT:  Okay.  Please state your full name.

9           DEFENDANT JAMES BARLOW:  James Verl Barlow.

10           THE COURT:  How old are you?

11           DEFENDANT JAMES BARLOW:  I am 45 years old.

12           THE COURT:  How far did you go in school?

13           DEFENDANT JAMES BARLOW:  I have double bachelor's

14 degrees in French and computer science.

15           THE COURT:  Okay.  And have you ever been treated for

16 a mental illness or for a substance abuse of any kind?

17           DEFENDANT JAMES BARLOW:  Your Honor, I had a low-level

18 PTSD after one of my tours overseas, but it hasn't been an

19 issue as of late.

20           THE COURT:  Okay.  So you are not on any medication or

21 anything for that?

22           DEFENDANT JAMES BARLOW:  No, I'm not, Your Honor.

23           THE COURT:  Have you taken any medication, narcotic

24 drugs, or drunk any alcohol in the last 24 hours?

25           DEFENDANT JAMES BARLOW:  No, Your Honor.

6

1          THE COURT:  Do you have any concerns about

2  Mr. Barlow's competence, Mr. Mishler?

3          MR. MISHLER:  I don't, Your Honor.

4          THE COURT:  So I do -- this is the first time I've

5  done this, so bear with me.

6          I do find that Mr. James Barlow is in full possession of

7  his faculties.  He is not suffering from any apparent physical

8  or mental illness or under the influence of narcotics or

9  alcohol.

10          I do find he is competent and understands the

11  proceedings in which he is engaged.

12          So these are serious charges that you are facing,

13  Mr. Barlow.  And what I'm going to do now -- Mr. Hunter, what

14  are the maximum penalties for the offense?

15          MR. HUNTER:  Your Honor, as currently indicted, the

16  sole charge in the indictment carries a maximum penalty of up

17  to 20 years of incarceration, a fine of up to $1 million, a

18  period of supervised release from three years to life, and a

19  $100 special assessment.

20          THE COURT:  Do you have any questions about the

21  potential penalties for the offense, Mr. Barlow?

22          DEFENDANT JAMES BARLOW:  No, Your Honor.

23          THE COURT:  If at any time you don't understand

24  something or have any questions, and you want to consult with

25  your lawyer today, please let me know that.  We can also

7

1    continue this hearing to another day if you wish to do so.

2          I do have to advise you that the United States

3    Constitution gives every defendant the right to the effective

4    assistance of counsel.

5          When one lawyer represents two or more defendants in a

6    case, the lawyer may have trouble representing all of the

7    defendants with the same fairness.

8          This is a conflict of interest that denies the defendant

9    the right to effective assistance of counsel.

10         Such conflicts are always a potential problem because

11   different defendants may have different degrees of involvement,

12   and each defendant has the right to a lawyer who represents

13   only him or her.

14         So there are ways that dual representation can work to

15   your disadvantage, and so I am now going to advise you on some

16   of those ways that it can work to you as a disadvantage to have

17   a shared law firm and lawyers with Mr. Matthew Barlow.

18         So dual representation may inhibit or prevent counsel

19   from conducting an independent investigation in support of each

20   defendant's case.

21         For example, the attorney-client privilege may prevent

22   you from -- prevent your lawyer from communicating to you

23   information gathered from another defendant.

24         Do you understand that?

25             DEFENDANT JAMES BARLOW:  Yes, I do, Your Honor.

8

1      THE COURT: The government may offer immunity or offer

2  to recommend a lesser sentence to one defendant for cooperating

3  with the government.

4      Should you receive such an offer, your lawyer ought to

5  advise you whether or not to accept it.

6      But if your lawyer advises you to accept the offer, it

7  may harm the cases of other defendants, including Mr. Matthew

8  Barlow, who is represented by that lawyer.

9      Do you understand that?

10      DEFENDANT JAMES BARLOW: Yes, I do, Your Honor.

11      THE COURT: The government may let a defendant who is

12  not as involved as other defendants plead guilty to lesser

13  charges than the other defendants.

14      After the guilty plea, however, the government may

15  require the defendant to testify.

16      A lawyer who represents more than one defendant might

17  recommend that the first defendant not plead guilty in order to

18  protect the other defendant that the lawyer represents.

19      On the other hand, the lawyer might recommend that the

20  first defendant plead guilty, which might harm the case of

21  other defendants.

22      Do you understand that?

23      DEFENDANT JAMES BARLOW: Yes, I do, Your Honor.

24      THE COURT: Dual representation may affect how your

25  lawyer exercises peremptory challenges or challenges for cause

1     during jury selection if this case should go to trial.

2          Potential jurors, who may be perceived as favorable to

3     you, may be perceived as harmful to another defendant; or

4     jurors who may be perceived as favorable to other defendants

5     may be harmful to you.

6          Do you understand that?

7            DEFENDANT JAMES BARLOW:  Yes, I do.

8            THE COURT:  Sometimes a defendant who is represented

9     by a lawyer will take the stand to testify in his or her own

10    behalf.

11         In order to represent the other defendants fairly, the

12    lawyer should question the defendant on the stand as completely

13    as possible.

14         However, the lawyer may not be able to do that because

15    he or she cannot ask the defendant as a witness about anything

16    that the defendant has told the lawyer in confidence.

17         Do you understand?

18           DEFENDANT JAMES BARLOW:  Yes, I do.

19           THE COURT:  The best defense for a single defendant

20    often is the argument that while the other defendants may be

21    guilty he or she is not.

22         A lawyer representing two or more defendants cannot

23    effectively make such an argument.

24         Do you understand that?

25           DEFENDANT JAMES BARLOW:  That, I do, Your Honor.

10

1    THE COURT:  Evidence that helps one defendant might

2  harm another defendant's case.

3    When one lawyer represents two or more defendants, the

4  lawyer might offer or object to evidence that could help one

5  defendant but harm another.

6    Do you understand?

7    DEFENDANT JAMES BARLOW:  Yes, Your Honor.

8    THE COURT:  And also regarding sentencing, dual

9  representation would prohibit the lawyer from engaging in

10  posttrial negotiations with the government as to full

11  disclosure by one defendant against the other.

12    It would also prohibit the lawyer from arguing the

13  relative culpability of the defendants at sentencing to me.

14    Do you understand that that?

15    DEFENDANT JAMES BARLOW:  Yes, I do, Your Honor.

16    THE COURT:  So, Mr. Mishler, can you assure the Court

17  that there would be no -- that there will be no conflict that

18  could result in a lack of effective assistance of counsel or

19  other prejudice to Mr. James Barlow?

20    MR. MISHLER:  Your Honor, with the status of the case

21  and the footing that we're currently on, I can assure you that,

22  based on that, there is not currently a conflict.

23    THE COURT:  Okay.  So, Mr. Barlow, I do recommend that

24  you consult with other independent counsel about the wisdom of

25  waiving the right to separate counsel.

11

1    I can make court-appointed counsel available, if

2  appropriate, and I can -- I will allow an adjournment if you

3  wish to do that.

4    Do you want to consult with another lawyer about this

5  issue of joint representation?

6    DEFENDANT JAMES BARLOW:  At this time, no, Your Honor.

7    THE COURT:  I do have before me the written joint

8  representation conflict waiver that it looks like Mr. Mishler

9  gave you, and it is very thorough.  It's two pages, and it

10  appears that you signed it on July 3rd of 2021.

11    Do you know what document I'm referring to?

12    DEFENDANT JAMES BARLOW:  Yes, I do, Your Honor.

13    THE COURT:  Okay.  And, in fact, did you sign the

14  letter for joint representation conflict waiver?

15    DEFENDANT JAMES BARLOW:  Yes, that is my signature,

16  Your Honor.

17    THE COURT:  And do you want to waive your right to

18  separate counsel?

19    (Pause in proceeding.)

20    DEFENDANT JAMES BARLOW:  Wait -- yes.

21    THE COURT:  Let me ask it again.  I've gone over a

22  lot.  So I'll ask it just so it's a clear question.

23    Do you want to waive your right to separate counsel?  So

24  do you -- I'll ask it this way.  Do you want to be represented

25  by the same law firm and the same lawyers as --

1          DEFENDANT JAMES BARLOW:  Yes, I do.

2          THE COURT:  -- the same lawyers as Mr. Matthew Barlow?

3          DEFENDANT JAMES BARLOW:  Yes, yes.

4          THE COURT:  Thank you.

5     I know sometimes these questions have double negatives

6  in them, and they can be hard, so I want to make sure.

7          DEFENDANT JAMES BARLOW:  Your Honor, any time I'm

8  waiving a right, I want to make sure I'm using the right words.

9          THE COURT:  Thank you.  I appreciate it.  We want to

10  make sure you know what you are waiving.  Thank you.

11          MR. MISHLER:  Thank you, Your Honor.

12          THE COURT:  So, Mr. Matthew Barlow, will you please

13  stand.  And I know you've heard it, but I'm going to really

14  repeat it all.  It's good for both of you to hear it twice.

15          So let's begin by placing you under oath.  If you could

16  raise your right hand to the best of your ability.

17          DEPUTY CLERK:  You do solemnly swear that the answers

18  given to the questions propounded to you in this proceeding

19  shall be the truth, the whole truth, and nothing but the truth

20  as you shall answer unto God.  If you so swear, please say I

21  do.

22          DEFENDANT MATTHEW BARLOW:  I do.

23          THE COURT:  You may put your hand down.  Do you

24  understand you are now under oath, so if you give false answers

25  to any of my questions, you can be charged with perjury or with

13

1  making a false statement?

2        DEFENDANT MATTHEW BARLOW:  Yes.

3        THE COURT:  Please state your full name.

4        DEFENDANT MATTHEW BARLOW:  Matthew Taylor Barlow.

5        THE COURT:  And how old are you?

6        DEFENDANT MATTHEW BARLOW:  35.

7        THE COURT:  35.  Are you two brothers?

8        DEFENDANT JAMES BARLOW:  Yes, ma'am.

9        DEFENDANT MATTHEW BARLOW:  Yes.

10        THE COURT:  So how far did you go in school?

11        DEFENDANT MATTHEW BARLOW:  I have a GED.

12        THE COURT:  Have you ever been treated for a mental

13  illness or for substance of abuse of any kind?

14        DEFENDANT MATTHEW BARLOW:  I was diagnosed with ADHD

15  when I was 12 and have taken Adderall for it, and that's -- and

16  that's it.

17        THE COURT:  Have you -- you are not still taking

18  Adderall as an adult, are you?

19        DEFENDANT MATTHEW BARLOW:  No, not since being

20  arrested.

21        THE COURT:  Okay.  Have you -- so were you taking

22  Adderall at the time of your arrest?

23        DEFENDANT MATTHEW BARLOW:  Yes.  I was prescribed

24  Adderall.

25        THE COURT:  And you haven't been taking that since you

14

1   have been incarcerated?

2            DEFENDANT MATTHEW BARLOW:  I have not.

3            THE COURT:  Are you able to understand and follow

4   these proceedings without your ADHD medicine?

5            DEFENDANT MATTHEW BARLOW:  Yes, I am, Your Honor.

6            THE COURT:  Have you taken any narcotic drugs,

7   medicine or pills, or drunk any alcoholic beverages in the last

8   24 hours?

9            DEFENDANT MATTHEW BARLOW:  No, I have not.

10           THE COURT:  So, Mr. William Brown, do you have any

11  concerns about Mr. Barlow's competence to engage in these

12  proceedings today?

13           MR. WILLIAM BROWN:  No concern, Your Honor.

14           THE COURT:  Okay.  Thank you.

15      I do then find that Mr. Matthew Barlow is in full

16  possession of his faculties and is not suffering from any

17  apparent physical or mental illness or under the influence of

18  narcotics or alcohol.

19      I do find that he is competent and understands the

20  proceedings in which he is engaged in today.

21      But with that said, if at any time as we go forward, if

22  you don't understand something or you have a question, let me

23  know or you can also consult with your lawyer.

24      Also, as I told your brother, we can continue this

25  hearing for another day if you do want to consult with another

1    lawyer, if you want to take your time and understand anything

2    else.

3         Mr. Hunter already mentioned it, but I think it bears

4    repeating:  What's the maximum sentence in this case?

5         MR. HUNTER:  Yes, Your Honor.  Up to 20 years of

6    incarceration, a period of supervised release from three years

7    to life, a fine of up to $1 million and a $100 special

8    assessment.

9         THE COURT:  Okay.  Do you understand that's the

10   maximum penalty that you are facing, Mr. Barlow?

11        DEFENDANT MATTHEW BARLOW:  Yes, I do.

12        THE COURT:  The United States Constitution does give

13   every defendant the right to the effective assistance of

14   counsel.

15        When one lawyer represents two or more defendants in a

16   case, the lawyer may have trouble representing all of the

17   defendants with the same fairness.

18        This can be a conflict of interest because it denies

19   that defendant the right to effective assistance of counsel.

20        Such conflicts do pose a potential problem because

21   different defendants may have different degrees of involvement

22   in a crime.

23        Each defendant has the right to a lawyer who represents

24   only him or her.

25        Do you understand that?

16

1          DEFENDANT MATTHEW BARLOW:  Yes, I do.

2          THE COURT:  Okay.  And I'm going to go through then

3    some of the risks that you are facing by agreeing to dual

4    representation.

5          The first is that dual representation may inhibit or

6    prevent counsel from conducting an independent investigation in

7    support of each defendant's case.

8          For example, the attorney-client privilege may prevent

9    your lawyer from communicating to you information gathered from

10   another defendant.

11         Do you understand that?

12         DEFENDANT MATTHEW BARLOW:  Yes.

13         THE COURT:  The government may offer immunity or offer

14   to recommend a lesser sentence to one defendant for cooperating

15   with the government.

16         Should you receive such an offer, your lawyer ought to

17   advise you whether or not to accept it.  If your lawyer advises

18   you to accept the offer, it may harm the case of the other

19   defendants represented by that lawyer.

20         Do you understand that?

21         DEFENDANT MATTHEW BARLOW:  Yes.

22         THE COURT:  The government may let a defendant who is

23   not as involved as the other defendants plead guilty to lesser

24   charges than the other defendants.

25         After the guilty plea, however, the government may

1  require that defendant to testify.

2       A lawyer who represents more than one defendant might

3  recommend that the first defendant not plead guilty in order to

4  protect the other defendants that the lawyer represents.

5       On the other hand, the lawyer might recommend that the

6  first defendant plead guilty, which might harm the cases of the

7  other defendants.

8       Do you understand that?

9         DEFENDANT MATTHEW BARLOW:  Yes.

10        THE COURT:  Dual representation may affect how your

11  lawyer exercises peremptory challenges or challenges for cause

12  during jury selection.

13       Potential jurors, who may be perceived as favorable to

14  you, may be perceived as harmful to another defendant; or

15  jurors who may be perceived as favorable to other defendants

16  may be harmful to you.

17       Do you understand that?

18        DEFENDANT MATTHEW BARLOW:  Yes.

19        THE COURT:  Sometimes one of the defendants

20  represented by a lawyer will take the stand to testify in his

21  or her own behalf.

22       In order to represent the other defendants fairly, the

23  lawyer should question the defendant on the stand as completely

24  as possible.

25       However, the lawyer may not be able to do that because

18

1    he or she cannot ask the defendant as a witness about anything

2    the defendant has told the lawyer in confidence.

3            Do you understand that?

4            DEFENDANT MATTHEW BARLOW:  Yes.

5            THE COURT:  And I think this is, I think, particularly

6    true for you two.  You're brothers.  So I know you have the

7    familial ties and familial loyalties.

8            But there may be different levels of culpability between

9    the two of you, and so there might be some strategy reasons why

10   it would be better for you to each have an independent counsel.

11           Do you understand that?

12           DEFENDANT MATTHEW BARLOW:  Yes.

13           THE COURT:  Okay.  Do you understand that, Mr. James

14   Barlow?

15           DEFENDANT JAMES BARLOW:  Yes, I do, Your Honor.

16           THE COURT:  Okay.  The best defense for a single

17   defendant is often the argument that while the other defendants

18   may be guilty he or she is not.  A lawyer who represents two or

19   more defendants cannot effectively make that argument.

20           Do you understand that, Mr. Barlow?

21           DEFENDANT MATTHEW BARLOW:  Yes, I do.

22           THE COURT:  Evidence that helps one defendant might

23   harm another defendant's case.

24           When one lawyer represents two or more defendants, the

25   lawyer might offer or object to evidence that could help one

19

1    defendant but harm another.

2          Do you understand that?

3            DEFENDANT MATTHEW BARLOW:  Yes.

4            THE COURT:  Regarding sentencing, dual representation

5    would prohibit the lawyer from engaging in posttrial

6    negotiations with the government as to full disclosure by one

7    defendant against the other but also prohibit the lawyer from

8    arguing the relative culpability of the defendants to me when I

9    do sentencing.

10         Do you understand that?

11           DEFENDANT MATTHEW BARLOW:  That one, I didn't quite

12   understand.

13           THE COURT:  Okay.  So let me break it down a little

14   bit for you.

15         So if you plead guilty or if you go to trial, you know,

16   and are found guilty, ultimately I will be the sentencing

17   judge.

18         Obviously, if you're -- if the charges are dismissed or

19   if you are found not guilty, this doesn't come into play.

20         But if you are ultimately found guilty of the offense,

21   as part of the sentencing process, some of the things I look at

22   are like relative culpability to see, when you've got multiple

23   defendants in a case, who are the more culpable, who are the

24   less culpable, to try to differentiate and make sure that

25   everybody's sentence is fair and appropriate for what they did.

20

1    Also, as part of the posttrial negotiations, sometimes

2    the government will talk about different concessions on the

3    length of sentence if one of the defendants at that point might

4    testify against other defendants or provide the government with

5    information about the crime or about -- or information about

6    other crimes.

7    But under these circumstances, the lawyer wouldn't be

8    able to make all of these arguments about relative culpability

9    because of joint representation.

10   DEFENDANT MATTHEW BARLOW:  Oh, okay.

11   THE COURT:  Do you understand that?

12   DEFENDANT MATTHEW BARLOW:  Yes, I do.  Thank you.

13   THE COURT:  And also, you know, your lawyers might

14   also not be able to -- to the extent that you might have

15   information about other crimes for which the defendant would be

16   willing to negotiate or bargain, your lawyers might not be able

17   to fully represent you with regard to what you know because of

18   their representation of your brother.

19   Do you understand that?

20   DEFENDANT MATTHEW BARLOW:  Yeah.

21   THE COURT:  Okay.

22   DEFENDANT MATTHEW BARLOW:  Yes.

23   THE COURT:  So, Mr. William Brown, can you assure the

24   Court that, to the best of your knowledge, there will be no

25   conflict that could result in a lack of effective assistance or

21

1  other prejudice to any defendant?

2       MR. WILLIAM BROWN:  Your Honor, given the nature and

3  posture of this case, I can make that assurance to the Court.

4       THE COURT:  Okay.  Thank you.

5       I do -- as I did with your brother -- Mr. Matthew

6  Barlow, I do recommend that you consult with other independent

7  counsel about the wisdom of waiving the right to separate

8  counsel.

9       I can make court-appointed counsel available, if

10  appropriate.  And I can also allow you additional time if you

11  would like to take that opportunity.

12       Do you want to take a break so that you can consult with

13  other counsel?

14       DEFENDANT MATTHEW BARLOW:  No, I do not.

15       THE COURT:  Okay.

16       We talked a moment ago about the joint representation

17  conflict waiver that your attorneys gave you, and that also

18  does give you a lot of information and advise you of the

19  potential conflicts that exist.

20       Do you know the document that I'm referring to?

21       DEFENDANT MATTHEW BARLOW:  Yes.

22       THE COURT:  And it does appear to me that you signed

23  the joint representation conflict waiver on June 11th, 2021.

24       Did you, in fact, sign that conflict waiver?

25       DEFENDANT MATTHEW BARLOW:  Correct.  Yes, I did.

22

1      THE COURT:  Okay.  Do you want to waive your right

2  to -- do you want to have the same counsel as your brother?

3      I'll ask it that way.

4      DEFENDANT MATTHEW BARLOW:  Yes, I do, Your Honor.

5      THE COURT:  Okay.  Thank you.

6      I accept the waiver, and I find that the waivers are

7  made knowingly and voluntarily, with an understanding of the

8  risks and opportunities there.

9      So I will allow joint representation for both of you

10 going forward.

11     And why don't you keep standing, Matt Barlow, and we'll

12 go ahead then with the arraignment.

13     So, Mr. William Brown, do you want to stand?

14     So I do have -- I do have a copy of the indictment here

15 in front of me.  It is a one-count indictment.

16     Mr. Barlow, did you have an opportunity to review the

17 indictment?

18     DEFENDANT MATTHEW BARLOW:  Yes, I have, Your Honor.

19     THE COURT:  And, Mr. Brown, did you have an

20 opportunity to discuss the indictment with Mr. Matthew Barlow?

21     MR. WILLIAM BROWN:  Yes, Your Honor.

22     THE COURT:  Did we furnish a copy to Mr. Barlow --

23 excuse me -- did we get you a copy of the indictment so you had

24 a chance to read it, Mr. Barlow?

25     DEFENDANT MATTHEW BARLOW:  Yes, I've read it.

23

1       THE COURT:  Okay.  And, Mr. Brown, do you want to

2  waive the reading of the indictment here in open court?

3       MR. WILLIAM BROWN:  Yes, we waive that, please.

4       THE COURT:  So, Mr. Barlow, as I said, there's only

5  one count of the indictment.

6       How do you plead to that count, guilty or not guilty?

7       DEFENDANT MATTHEW BARLOW:  Not guilty.

8       THE COURT:  Thank you.  You may be seated.

9       DEFENDANT MATTHEW BARLOW:  Thank you.

10       THE COURT:  So, Mr. James Barlow, will you please

11  stand.

12       So, Mr. James Barlow, did you -- have you been furnished

13  with a copy of the charges against you?

14       DEFENDANT JAMES BARLOW:  Yes, I have, Your Honor.

15       THE COURT:  Okay.  Did you have an opportunity to

16  review the indictment with your attorney?

17       DEFENDANT JAMES BARLOW:  Yes.

18       THE COURT:  So, Mr. Mishler, did you have an

19  opportunity to confer with your client in advance of the

20  arraignment?

21       MR. MISHLER:  Yes, Your Honor.

22       THE COURT:  Would you like the clerk to read the

23  indictment here in open court, or do you also waive a reading

24  of the indictment?

25       MR. MISHLER:  We waive the reading of the indictment,

24

1   Your Honor.

2            THE COURT:  Thank you.

3        So, Mr. James Barlow, how do you plead to the offense

4   charged in Count 1 of the indictment, guilty or not guilty?

5            DEFENDANT JAMES BARLOW:  Not guilty.

6            THE COURT:  Thank you.  You may be seated.

7        So we'll set this matter for trial.  What we currently

8   have it scheduled for is Monday, November 29th, a trial to

9   begin in this courtroom at 9:00 a.m.

10       Ms. Bragg is providing to counsel for the government and

11  counsel for both Barlows a copy of the scheduling order.  The

12  scheduling order will also go on on the Court's electronic

13  filing system.

14       I do ask that the discovery meeting happen as promptly

15  as possible, but certainly before September 17th.

16       All motions of any kind, including motions in limine,

17  shall be filed on or before November 1st and any opposing

18  briefs by November 8th.

19       We generally don't do reply briefs unless there's leave

20  of court, so I want to flag that for counsel.

21       We'll schedule the matter for a final pretrial

22  conference on Monday, November 22nd, at 2:00, just to prepare

23  for the trial on Monday, November 29th.

24       Oh, and I do have -- for the record, and we'll include

25  this in the file, the report for Mr. James Barlow about the

1    veterans' program that he participated in, so I did get that,

2    so thank you.

3         I'm glad to see that you are taking advantage of the

4    opportunities while you are going through this process.

5         What's the status of bond, Mr. Hunter?

6         MR. HUNTER:  Your Honor, each of these defendants has

7    previously been ordered detained.

8         At this time we're asking that this order remain in

9    effect.  That may be an issue we come back to the Court on at

10   some time in the future.

11        THE COURT:  Okay.  Thank you.  They will be detained

12   here in Ohio?

13        MR. HUNTER:  Yes, Your Honor.  They have been both

14   brought to the Southern District of Ohio, and they are being

15   housed at the Butler County Jail.

16        THE COURT:  Okay.  Thank you.

17        Anything further for the government this afternoon then?

18        MR. HUNTER:  No, Your Honor.  Thank you.

19        THE COURT:  Okay.  Anything further for Mr. James

20   Barlow?

21        MR. MISHLER:  Just as Mr. Hunter alluded to, we may be

22   revisiting the matter of detention at some point in the future,

23   and there may be some other matters relating to the forfeiture,

24   but we'll bring those before Your Honor.

25        THE COURT:  Okay.  And I think -- just so you know, I

26

1    think what we found with one of the other defendants who had

2    been transported here -- because the original detention order

3    was made out of state, correct?

4              MR. MISHLER:  Yes, Your Honor.

5              THE COURT:  So I think you'll come before me if there

6    are any detention issues, as opposed to our magistrate judge.

7    So -- just for your information, that's what we figured out

8    from the last one.  So thank you.

9              MR. MISHLER:  That's my understanding as well.

10             THE COURT:  All right.  Great.  Anything further for

11   Matthew Barlow?

12             MR. WILLIAM BROWN:  I meant to say this at the

13   beginning.  I wanted to thank the Court for granting our

14   *pro hac vice* applications.  Thank you for that.  It's a

15   pleasure to be here.

16             THE COURT:  Sure.  Absolutely.  You are in good hands

17   with your local counsel, Steven Brown.  He's before me quite a

18   bit and does an excellent job.

19        So I appreciate it, and I thank you for your

20   professionalism.

21        And like I said, Mr. Brown knows how to get ahold of my

22   courtroom deputy as those issues come up, and we'll address

23   them quickly for you.

24             MR. WILLIAM BROWN:  I appreciate that.

25             MR. MISHLER:  Just as an aside, Your Honor, could I

27

1   have your clerk make a copy of that letter you got on the

2   veterans' program for my file?

3            THE COURT:  Yes.  We'll get you that.

4            MR. MISHLER:  I appreciate that.  Thank you.

5            THE COURT:  I will tell you:  I've not seen this

6   before, so let me get it for you.

7         Mr. Hunter, have you seen a copy?

8            MR. HUNTER:  I haven't.  But that's fine, Your Honor.

9            THE COURT:  Okay.  I'll get you a copy as well so you

10  can have it.

11        Great.  Well, then this matter will be continued for the

12  final pretrial or if anything else gets filed in the meantime.

13        So thank you, counsel.  Thank you, both Mr. Barlows.  I

14  appreciate it.  Thank you, Mr. Hunter.

15           MR. HUNTER:  Thank you, Your Honor.

16           THE COURT:  Court will be adjourned.

17      (Proceedings concluded at 3:39 p.m.)

18                            - - -

19

20

21

22

23

24

25

28

1          C E R T I F I C A T E

2

3          I, Allison A. Kimmel, do hereby certify that the

4    foregoing is a true and correct transcript of the proceedings

5    before the Honorable Sarah D. Morrison, Judge, in the United

6    States District Court, Southern District of Ohio, Eastern

7    Division, on the date indicated, reported by me in shorthand

8    and transcribed by me or under my supervision.

9

10                         s/Allison A. Kimmel
                           Allison A. Kimmel, FAPR, RDR, CRR, CRC
11                              Official Federal Court Reporter
                                           April 17, 2023
12

13

14

15

16

17

18

19

20

21

22

23

24

25