```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
     PLAINTIFF,                  ) CASE NO. 2:21-cr-89
                                 )
              vs.                )
                                 )
JAMES VERL BARLOW,               )
                                 )
   DEFENDANTS.                   )
_____    )


     TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS
         BEFORE THE HONORABLE SARAH D. MORRISON
           FRIDAY, DECEMBER 2, 2022; 11:59 A.M.
                       COLUMBUS, OHIO

   FOR THE PLAINTIFF:
       Kenneth L. Parker
       United States Attorney
       By:  MICHAEL J. HUNTER
       ASSISTANT UNITED STATES ATTORNEY
       303 Marconi Boulevard, 2nd Floor
       Columbus, Ohio 43215

   FOR THE DEFENDANT JAMES BARLOW:
       Brown Mishler PLLC
       By:  CHRISTOPHER S. MISHLER, ESQ.
       911 North Buffalo Drive, Suite 202
       Las Vegas, Nevada 89128

       Brunner Quinn
       By:  STEVEN M. BROWN, ESQ.
       5664 Montridge Lane
       Dublin, Ohio 43016

     ALSO PRESENT:  Michelle Gable, USA Forfeiture Paralegal

                            - - -
         Proceedings recorded by mechanical stenography,
  transcript produced by computer.
```

*Allison A. Kimmel, FAPR, RDR, CRR, CRC*
*Federal Official Court Reporter*
*85 Marconi Boulevard*
*Columbus, Ohio 43215*
*614.719.3225*

```
                                                            2
 1                                           Friday Morning Session
 2                                              December 2, 2022
 3                                    - - -
 4        (Proceedings via teleconference.)
 5            THE COURT:  Good morning, or good afternoon.
 6            MR. HUNTER:  Good afternoon, Your Honor.
 7            THE COURT:  We are here in the United States v. James
 8    Barlow case, Case No. 2:21-cr-89.
 9        I know we have a few people on the phone, so let's start
10    with appearances and counsel for the government.
11            MR. HUNTER:  Good afternoon, Your Honor.  Michael
12    Hunter and Michelle Gable on behalf of the United States.
13        Michelle is a paralegal in our forfeiture section.
14            THE COURT:  Okay.  Great.  And for Mr. Barlow.
15            MR. MISHLER:  Good afternoon, Your Honor.  Christopher
16    Mishler appearing for Mr. James Barlow.
17            MR. STEVEN BROWN:  And Steve Brown hanging on the
18    fringes, Your Honor.
19            THE COURT:  Good afternoon, although where Mr. Mishler
20    is it's still morning.  Well, thank you all for being
21    available.
22        I, of course, am in receipt for the government's motion
23    for preliminary forfeiture, and Mr. Barlow's response, and I
24    understand -- Mr. Hunter, are you filing a reply today?
25            MR. HUNTER:  Yes, Your Honor.  I filed that this
```

3

1  morning.
2          THE COURT: I have not seen it yet, but I will take a
3  look at it. I wanted to get everybody on the phone just to
4  talk a little bit about procedure next week.
5         But as I look at the papers, it strikes me -- because I
6  haven't seen the government's reply, but it does strike me that
7  we need a hearing.
8         I would like to give both parties an opportunity to
9  present any evidence, if they want to do so, but I would like
10 also the opportunity to hear argument and have some discussion
11 and dialogue about the issues with regard to the preliminary
12 forfeiture.
13        My thought is what I would like to do is go ahead with
14 the sentencing as scheduled next week, but then I would like to
15 at that time have the hearing on the forfeiture.
16        We've got Mr. Mishler and actually both Barlows, but for
17 this purpose, we have James Barlow, all coming to town already
18 and scheduled.
19        I think under the criminal rules, I would have to put on
20 a general order before sentencing under Rule 32.2(b)(2)(C) --
21 that's easy for you to say -- but -- under 32.2(b)(2)(C), but
22 do a general order that addresses the forfeiture, so that we
23 have it, but then we could have the hearing and we can finalize
24 the forfeiture after the hearing.
25        So I'll start with you, Mr. Hunter. What are your

1 thoughts?

2     MR. HUNTER: Your Honor, I think that's fine.

3     What I want to do is we gave our response today, and if
4 the Court wants additional testimony, I believe in very short
5 order I will be able to call the case agent and put just a
6 handful of exhibits up that do explain what we filed in our
7 response today.

8     If you'll remember, at the time of the guilty plea in
9 this case, we indicated we thought that this might be -- it
10 might come down to this. You know, crypto is -- I think that
11 we're all kind of fumbling our way through dealing with some of
12 these issues.

13     It's unique in some respects, but what the defense has
14 essentially done is raise an affirmative defense.

15     The facts are not necessarily in dispute on this, but
16 whether or not some of these assets fall within the scope of
17 the conspiracy arguably are at issue, and so I think we
18 anticipated that we might come to this day and there might have
19 to be a hearing or some evidence put on before the Court to
20 resolve the issue.

21     THE COURT: Okay. Good. And I will say, Mr. Mishler,
22 before I -- before I ask you your thoughts, let me say this
23 kind of in response to what Mr. Hunter said: He says if the
24 Court wants for evidence. I have no preference about what
25 evidence you put on and what evidence you don't.

1    You both know what your obligation and burden is on --
2 to the extent there's a dispute about the forfeiture.  I'm not
3 telling you to put on evidence.  I'm telling you you need to
4 put on the evidence that you think that you need to put on to
5 make your record.
6    So with that, Mr. Mishler, what are your thoughts?
7    MR. MISHLER:  I agree with Mr. Hunter.  I think either
8 following the sentencing or sometime that day -- I don't think
9 our flight is until much later that day, so I think our
10 availability is wide open that day to a hearing, to put on
11 evidence regarding the forfeiture.
12    All I would ask is if Mr. Hunter would give me copies of
13 those exhibits ahead of time, just so that I can intelligently
14 speak on them at the hearing.
15    THE COURT:  Okay.
16    MR. HUNTER:  Your Honor, this is Mike Hunter.  I can
17 absolutely represent -- the case agent just got back in town
18 yesterday, and I will sit down with him on Monday or Tuesday,
19 and I will make sure I get everybody a copy of any exhibits,
20 where we would intend to have testimony, you know, no later
21 than Tuesday.
22    THE COURT:  Okay.  Mr. Mishler, I assume you are
23 traveling on Tuesday.  Like what --
24    MR. MISHLER:  I am.  All day, yeah.
25    THE COURT:  So can we do it by like noon Ohio time on

1 Tuesday, Mike?

2     MR. HUNTER: Yeah, Your Honor. I'll try to make it
3 happen Monday. I promise I'll make that happen just as soon as
4 I can, and I understand the time constraints, so I will try to
5 get those out just as soon as I can.

6     THE COURT: Okay. Well, I'll tell you what, let's do
7 this: Why don't we -- if you are coming in the day before, why
8 don't we put Mr. Barlow's sentencing at 9:00 -- James Barlow's
9 sentencing at 9:00. And as soon as we're done with the
10 sentencing, we will go right into a hearing on the forfeiture
11 issues.

12     MR. MISHLER: I think that works great, Your Honor.

13     THE COURT: And just so you know, my sentencings
14 average about a half hour. I don't know if there's going to be
15 any -- any, you know, kind of what statements or what the
16 discussions are going to be. If it goes long, they will
17 sometimes go longer, but that gives us time, at least an hour,
18 if not an hour and a half, to have the forfeiture hearing.

19     I'm not constraining you to do that if we need to go
20 over. We can just push Matt Barlow's sentencing back until
21 we're done, but we'll get it all -- we'll get it all done on
22 Wednesday.

23     MR. MISHLER: Okay, Your Honor. Just as a procedural
24 matter regarding the sentencing, I know Mr. Barlow has family
25 members who are going to fly in and wanted to address the Court

*Allison A. Kimmel, FAPR, RDR, CRR, CRC*
*Federal Official Court Reporter*
*85 Marconi Boulevard*
*Columbus, Ohio 43215*
*614.719.3225*

1   during the sentencing.

2          There's one issue.  His mother is serving a mission in

3   Idaho and is unable to travel but was wondering if she could

4   appear and make a statement to the Court via video.  I know you

5   don't like video, but it's the only option she has.

6          THE COURT:  No.  That would be fine.  We'll use

7   gotomeeting.

8          If you will you call my courtroom deputy beforehand and

9   get the information and make sure it works, I'll be happy to

10  hear from her from Idaho.

11         MR. MISHLER:  Okay.  I appreciate that.

12         THE COURT:  Who I don't like having by video, it's the

13  defendant himself.  I want him in my courtroom and his lawyer

14  in my courtroom.  I don't mind about the witness.

15         MR. MISHLER:  Okay.  I appreciate that distinction.

16         THE COURT:  Yeah.  Thanks for asking.

17         You know, so what we'll do, from a timing standpoint, to

18  the extent you get her lined up, we're going to start at 9:00.

19  She needs to be there by 9:00, because I will start on time,

20  and she will be -- she will be up pretty close to 9:05.

21         MR. MISHLER:  So, I mean, interestingly, there's sort

22  of an issue, but she's also probably going to want to speak on

23  behalf of Matt Barlow.

24         So is it all right if she joins and then leaves for

25  however long it takes to resolve the forfeiture issue and gets

8

1 back on for Matt's sentencing?

2 THE COURT: Yes.

3 MR. MISHLER: Okay.

4 THE COURT: And I'll say, here's -- here would be --
5 my suggestion is, if you get her lined up, we'll go to her
6 first.

7 If she wants to continue to listen, we can mute her and
8 let her listen to the rest of the sentencing hearing, if she
9 wants to hear it, since it's her son --

10 MR. MISHLER: Okay.

11 THE COURT: -- or she could sign-off. And then when
12 we're getting ready to start for Matt Barlow, we'll give you --
13 and give everybody a 10- or 15-minute break. You can get her
14 lined up then, and again we'll have her go first for
15 Matt Barlow's sentencing.

16 MR. MISHLER: It sounds wonderful. Thank you, Judge.

17 THE COURT: Okay. Any other matters before -- so what
18 I will say, because of that, as I read the rules, I do have to
19 put on at least a general order so that we preserve the
20 forfeiture issue.

21 If you all want -- if you two can work together and
22 propose a general order, that would be my preference, but if
23 you can't, we'll put on a general order.

24 I would like to get it on on Tuesday since we have the
25 sentencing on Wednesday.

9

1  MS. GABLE:  I'm the forfeiture paralegal in Columbus.
2  We have kind of a standardized general order that we've asked
3  the Court to enter in other cases where we've had questions or
4  things hanging out.  Would you like me to put one of those
5  together and the attorneys could work through that?
6  THE COURT:  That would be great.  Thank you.
7  MS. GABLE:  Okay.  Thank you.
8  THE COURT:  Yeah.  If you work that out and get that
9  to Mr. Brown and Mr. Mishler, that would be ideal.  Thank you.
10  MS. GABLE:  You are welcome.
11  THE COURT:  Okay.  Good.  Anything else we ought to
12  talk about today?
13  MR. MISHLER:  I just had one other issue.  Maybe it's
14  just a question.
15  Mr. Barlow has been putting his thoughts together
16  because, of course, he wants to speak on his own behalf at the
17  sentencing, but what he's put together is pretty lengthy, and
18  he suggests maybe I send it to you as a letter ahead of time.
19  And I can also, of course, send it to the government as well so
20  they have a copy.
21  Just based on length, I think that might be the better
22  way so that you can have it, read it ahead of time, instead of
23  having to have him read through it in person.  Is that
24  something you are interested in?
25  THE COURT:  Yeah.  Absolutely.  If you -- if you don't

10

1 mind just filing it on the docket.

2         MR. MISHLER: Okay. I can do that.

3         THE COURT: Yeah. I will absolutely read it in
4 advance.

5     And then if he wants to supplement it, if he's going to
6 send it to me in advance, I prefer him not to read a lengthy
7 letter, but if there's something he wants to say, he's welcome
8 to or he could stand on the letter.

9         MR. MISHLER: That's my preference as well. It is
10 pretty lengthy.

11     So I think having him read it would be a big time sink.
12 So just in the interest of brevity, I think reading it ahead of
13 time is the easy solution.

14         THE COURT: Okay. Yeah. That will be fine. It
15 sounds like the sentencing will last more than half an hour,
16 but that is fine because it's not a clock.

17     We'll hear from the people I need to hear from, but it
18 would be helpful if I read the letter in advance, it sounds
19 like.

20         MR. MISHLER: It would. Thank you, Your Honor.

21         THE COURT: Okay. Other questions, Mr. Mishler?

22         MR. MISHLER: No. That's it for me.

23         THE COURT: Okay. Good. Mr. Brown, did you start to
24 say something?

25         MR. STEVEN BROWN: I did, but I withdraw it. It's

11

1 better if I say nothing.  It seems to work better that way for
2 things.
3       THE COURT:  Okay.  All right.  Mr. Hunter, anything
4 else for the government?
5       MR. HUNTER:  Only to say, Your Honor, the exhibits
6 that I come up with on Monday, I would likely send to the Court
7 and to the defense, and I'll file them under seal just because
8 some of it is, you know, blockchain analysis and things we
9 wouldn't necessarily want to be part of the public record, but
10 I'll get those to defense counsel, and I will get those to the
11 Court, and then I'll separately file them under seal.
12       THE COURT:  I tell you what, if you get them to the
13 defense and to me, we can file them after the hearing.
14       MR. HUNTER:  Okay.  Great, Your Honor.  That makes
15 more sense.
16       THE COURT:  Okay.  All righty.  Well, thank you all.
17 I appreciate it.  I feel better about our plan for next week,
18 and we'll see you all at 9:00 now on Wednesday morning.
19       MR. HUNTER:  Thank you, Your Honor.
20       MR. STEVEN BROWN:  Thank you, Your Honor.
21       MR. MISHLER:  Thank you, Your Honor.
22       THE COURT:  Bye-bye.
23   (Proceedings concluded at 12:13 p.m.)
24                         - - -
25

12

1  C E R T I F I C A T E

3     I, Allison A. Kimmel, do hereby certify that the
4  foregoing is a true and correct transcript of the proceedings
5  before the Honorable Sarah D. Morrison, Judge, in the United
6  States District Court, Southern District of Ohio, Eastern
7  Division, on the date indicated, reported by me in shorthand
8  and transcribed by me or under my supervision.

                            s/Allison A. Kimmel
                            Allison A. Kimmel, FAPR, RDR, CRR, CRC
                               Official Federal Court Reporter
                                   April 17, 2023

*Allison A. Kimmel, FAPR, RDR, CRR, CRC*
*Federal Official Court Reporter*
*85 Marconi Boulevard*
*Columbus, Ohio 43215*
*614.719.3225*