<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 23-3018

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 9, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|    Plaintiff-Appellee, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR |
| JAMES VERL BARLOW, | ) THE SOUTHERN DISTRICT OF ) OHIO |
|    Defendant-Appellant. | ) ) |

<u>O R D E R</u>

Before: GIBBONS, GRIFFIN, and DAVIS, Circuit Judges.

James Verl Barlow, a federal prisoner, appeals the district court's judgment of conviction and sentence and amended forfeiture order. His counsel has filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm the district court's judgment and amended forfeiture order.

Barlow pleaded guilty to conspiring to possess a controlled substance analogue with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). The district court determined that, based on his total offense level of 27 and criminal history category of I, Barlow's guidelines range was 70 to 87 months in prison. The court varied downward and sentenced Barlow to concurrent 36-month prison terms, to be followed by concurrent three-year terms of supervised release. The court also ordered Barlow to forfeit certain property that was associated with his crimes.

Barlow's appellate counsel moves to withdraw, stating that she examined the record and found no non-frivolous appellate issue. Nonetheless, counsel addressed whether Barlow validly waived his right to appeal and whether there were any ineffective-assistance-of-counsel or prosecutorial-misconduct claims apparent in the record. Barlow was notified of his right to respond, but he has not done so, and the time to respond has elapsed. Because counsel filed an acceptable *Anders* brief and our independent review reveals no arguable issue, we grant the motion to withdraw and affirm the district court's judgment and amended forfeiture order. *See Anders*, 386 U.S. at 744.

Barlow's guilty plea is valid. We review de novo a guilty plea's validity. *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). "A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently . . . ." *Id.* In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). The record shows that the district court complied with Rule 11 and properly determined that Barlow knowingly and voluntarily pleaded guilty.

Barlow's valid guilty plea waives all non-jurisdictional pre-plea issues. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In addition, no prosecutorial-misconduct or ineffective-assistance issues are apparent in the record, and any ineffective-assistance claim is properly raised in a 28 U.S.C. § 2255 motion, *see United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Finally, because Barlow's guilty plea is valid, he is barred from challenging his sentence, including the amended forfeiture order, by the waiver provisions in his plea agreement, which waived his right to appeal unless the sentence exceeded the statutory maximum. *See United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005).

Accordingly, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment and amended forfeiture order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk